**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| LIU JIANLIN, | No. 13-70145 |
| Petitioner, | Agency No. A087-989-780 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 11, 2016[**]
San Francisco, California

Before: SILVERMAN, FISHER and TALLMAN, Circuit Judges.

Liu Jianlin petitions for review of the Board of Immigration Appeals' (BIA)

order dismissing his appeal from the Immigration Judge's (IJ) denial of his

applications for asylum, withholding of removal and protection under the

---

[*]This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

Convention Against Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252, and we dismiss the petition for review in part and deny in part.

1.     We lack jurisdiction to review the asylum claim. The IJ concluded Jianlin withdrew this claim because it was time-barred; the BIA affirmed without reaching the merits. Jianlin's failure to challenge the withdrawal determination before the BIA deprives us of jurisdiction to consider the issue. *See Arsdi v. Holder*, 659 F.3d 925, 928 (9th Cir. 2011). Moreover, the BIA's "refusal to review" the merits of the asylum claim "means we cannot consider its merits either." *Santiago-Rodriguez v. Holder*, 657 F.3d 820, 834 (9th Cir. 2011). We therefore dismiss the petition with respect to the asylum claim.

2.     Applying the REAL ID Act, we review the BIA's adverse credibility determination for substantial evidence. *See Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010). We review only those reasons on which the BIA relied – the inconsistencies between the documentary evidence and Jianlin's testimony, and his demeanor – and do not consider Jianlin's challenges to other bases on which the BIA did not rely. *See Kin v. Holder*, 595 F.3d 1050, 1055 (9th Cir. 2010).

Substantial evidence supports the BIA's conclusion that the sterilization certificate and the letter from Jianlin's wife were inconsistent with Jianlin's testimony that he – and he alone – had been sterilized. The BIA reasonably

2

rejected Jianlin's explanations for these discrepancies: it was his burden, not the court's, to ensure the translation of the certificate was accurate, *see* 8 C.F.R. § 1003.33; and the record does not compel the conclusion that his wife's wording was the result of poor grammar. Because these inconsistencies were not "mere trivial error[s]," the BIA reasonably determined they undermined Jianlin's credibility. *Shrestha*, 590 F.3d at 1044. Substantial evidence also supports the BIA's conclusion that Jianlin was hesitant and evasive in answering questions about these inconsistencies. The BIA referred to specific aspects of Jianlin's demeanor – his hesitation and evasiveness – and "identif[ied] specific examples" by citing transcript pages involving a particularly relevant line of questioning. *Garrovillas v. INS*, 156 F.3d 1010, 1013 (9th Cir. 1998).

**3.** Because we uphold the BIA's adverse credibility determination, the record does not compel the conclusion that Jianlin is entitled to withholding of removal. *See* 8 U.S.C. §§ 1158(b)(1)(B)(ii), 1231(b)(3)(C).

**4.** We deny Jianlin's petition with respect to CAT relief because his discredited testimony and the two passages he cites from the State Department report do not compel the conclusion that he "more likely than not" will be tortured if he returns to China. 8 C.F.R. § 1208.16(c)(2).

**PETITION DISMISSED IN PART AND DENIED IN PART.**